*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEANGELO LEVELL HAWKINS,

        Defendant-Appellant.

UNPUBLISHED
September 10, 2025
10:19 AM

No. 370153
Oakland Circuit Court
LC No. 2022-281145-FC

Before: MARIANI, P.J., and MURRAY and TREBILCOCK, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of first-degree felony murder, MCL 750.316(1)(b), and first-degree child abuse, MCL 750.136b(2). Defendant was sentenced as a second-offense habitual offender, MCL 769.13, to life without the possibility of parole for first-degree felony murder and 20 to 35 years' imprisonment for first-degree child abuse. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On the afternoon of March 5, 2022, officers responded to a call regarding an unresponsive child. Shortly before, defendant had called the police for assistance, explaining that the victim, his then-girlfriend's four-year-old son, had fallen in the bathroom and was unresponsive. When officers arrived at defendant's home, they found the victim lying on the bathroom floor, naked and unresponsive, and an officer immediately attempted to medically assist the victim, as did a paramedic upon his subsequent arrival. The victim was eventually revived and transported to the hospital, where a treating physician determined that the victim had suffered a subdural hemorrhage from multiple skull fractures. The hemorrhage caused high intercranial pressure, which consequently caused the victim's unresponsiveness. Despite attempts to alleviate the pressure, the victim ultimately died from his injuries five days later.

Defendant discussed the incident with police on four separate occasions—once with a responding officer immediately after the incident while the victim was being transported to the hospital, and three more times with a detective at the police station during the following two days. During the first three interviews, defendant maintained that the victim had fallen off a stool in the bathroom while brushing his teeth. Defendant explained that he had heard a "thud" and

-1-

subsequently discovered the victim on the bathroom floor, unconscious and struggling to breathe. According to defendant, he unsuccessfully tried to wake the victim for 15 minutes before moving the victim to the bedroom to get some "fresh air"; defendant then tried to cool down the victim's body by placing items from the freezer on him and subsequently by placing him in cold bath water. Defendant stated that when the victim still did not respond, he called the police for assistance—at which point approximately one hour had passed since the victim had fallen. During his final interview, however, defendant admitted that he had lied during the other interviews, explaining that he had tossed the victim into the air while playing and accidentally dropped him on the floor.

After speaking to the victim's treating physicians, the investigating detective determined that the victim's injuries were not consistent with either version of events provided by defendant. The detective also learned from the treating physicians that, in addition to those injuries, the victim had multiple rib fractures and a fracture to his left arm which, based on how long they had been healed, had occurred sometime before the incident. When asked about these prior injuries, defendant admitted to breaking the victim's arm when he accidentally "bumped" the victim down the stairs, but he denied having anything to with the fractured ribs, claiming that the victim's cousin caused the injuries while they were playing.

Defendant was convicted and sentenced as previously described. This appeal followed.[1]

## II. OTHER-ACTS EVIDENCE

Defendant argues the trial court erred by admitting other-acts evidence pursuant to MCL 768.27b at trial because the evidence was unfairly prejudicial. "The trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but preliminary legal determinations of admissibility are reviewed de novo[.]" *People v Lowrey*, 342 Mich App 99, 108; 993 NW2d 62 (2022). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v McBurrows*, 322 Mich App 404, 411; 913 NW2d 342 (2017) (quotation marks and citation omitted). "[I]t is necessarily an abuse of discretion to admit legally inadmissible evidence." *Lowrey*, 342 Mich App at 108. A preserved, nonconstitutional error in the admission or exclusion of evidence does not warrant reversal "unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999) (quotation marks and citation omitted).

MCL 768.27b "addresses the admissibility of evidence of other acts of domestic violence committed by a defendant in a domestic-violence case," and it "in certain instances expands the

---

[1] When defendant filed his brief on appeal with this Court, he also filed a motion to remand to the trial court for an evidentiary hearing, relying exclusively on his appellate brief for support. This Court denied defendant's motion "for failure to persuade the Court of the necessity of a remand at this time," but "without prejudice to a case call panel of this Court determining that remand is necessary once the case is submitted on a session calendar." *People v Hawkins*, unpublished order of the Court of Appeals, entered January 29, 2025 (Docket No. 370153). Upon plenary review of defendant's claims, we conclude that a remand is not necessary to properly dispose of this appeal.

-2-

admissibility of domestic-violence other-acts evidence beyond the scope permitted by MRE 404(b)(1)." *People v Propp*, 508 Mich 374, 383-384; 976 NW2d 1 (2021) (quotation marks, citation, and ellipsis omitted). At the time of defendant's trial,[2] the statute provided, in relevant part:

> [I]n a criminal action in which the defendant is accused of an offense involving domestic violence or sexual assault, evidence of the defendant's commission of other acts of domestic violence or sexual assault is admissible for any purpose for which it is relevant, if it is not otherwise excluded under [MRE] 403. [MCL 768.27b(1).]

As this Court recently confirmed, "in prosecutions for offenses involving domestic violence or sexual assault, MCL 768.27b permits evidence of a defendant's prior commission of domestic violence or sexual assault to show the defendant's character or propensity to commit such acts." *People v Berklund*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367568); slip op at 8. "[T]he prior act does not have to be identical to the charged offense to be relevant and possibly admissible under MCL 768.27b." *Id*. at ___; slip op at 9. Furthermore, "when applying MRE 403 to evidence admissible under MCL 768.27b, courts should weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at ___; slip op at 10. In evaluating whether the other-acts evidence admissible under MCL 768.27b should be excluded under MRE 403,[3] the following nonexhaustive list of factors should be considered:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at ___; slip op at 10, quoting *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012) (quotation marks omitted)].

---

[2] The statute has since been amended, but not in any manner pertinent to the disposition of the instant appeal.

[3] Our Supreme Court revised the Michigan Rules of Evidence effective January 1, 2024. See 512 Mich lxiii (2023). We cite the version of the rules that were in effect at the time of defendant's trial. At that time, MRE 403 provided:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"These considerations provide a tool to facilitate, not a standard to supplant, a trial court's MRE 403 analysis." *Berklund*, ___ Mich App at ___; slip op at 10 (quotation marks and citation omitted).

In this case, the trial court allowed the prosecution to introduce evidence of two prior acts of domestic violence by defendant under MCL 768.27b, both involving his ex-girlfriend.[4] The first instance of domestic violence occurred in February 2019. Defendant's ex-girlfriend testified that while she, defendant, and their two children lived together, defendant became upset after learning that she had spoken to another man at work, and he subsequently dragged her out of bed while she was sleeping, threw her to the ground, repeatedly hit her in the face, and strangled her with a cord. Defendant ultimately pleaded guilty to assault with intent to do great bodily harm, MCL 750.84, for this assault. The second instance occurred in December 2019. Defendant's ex-girlfriend testified that defendant became upset after she denied his request to resume their relationship, and he responded to the rejection by throwing her to the ground, tying her feet and hands, choking her with a belt, suffocating her with a pillow, and repeatedly stabbing her with medical needles in the stomach and legs.

Defendant did not object to the admission of evidence regarding the February 2019 incident because he had pleaded guilty to it, but he objected to the admission of evidence regarding the December 2019 incident. Defendant argued that admission of any evidence related to that incident would be unfairly prejudicial because it contained a sexual-assault component and criminal charges related to it were still pending. The trial court agreed the sexual-assault component of the incident was unfairly prejudicial and barred its admission, but the court determined that the physical-assault component was "fair game."

On appeal, defendant only challenges the admission of the other-acts evidence related to the December 2019 incident. According to defendant, this evidence should have been excluded under MRE 403 because its probative value was substantially outweighed by the danger of unfair prejudice. Defendant, however, fails to meaningfully explain why that may be so, nor does he acknowledge that, when MRE 403 is applied to other-acts evidence admissible under MCL 768.27b, a propensity inference must be weighed "in favor of the evidence's probative value rather than its prejudicial effect." *Berklund*, ___ Mich App at ___; slip op at 10.

Although the December 2019 act of domestic violence was against his ex-girlfriend rather than a child in defendant's care, it demonstrated defendant's propensity for committing acts of violence against individuals with whom he lived when he became upset with them. At trial, the prosecution presented ample testimony indicating that the victim often had bathroom-related accidents, that defendant had previously become upset with the victim and punished him for having a bathroom-related accident, and that the victim had a bathroom-related accident shortly before he was fatally injured. There were no witnesses to the incident that resulted in the victim's fatal injuries, however, and this other-acts evidence was probative of whether defendant did, in fact, commit an act of violence against the victim. While the propensity inference from this evidence

---

[4] Approximately one month before trial, the prosecution filed a notice of intent and motion to introduce the two instances of domestic violence as other-acts evidence pursuant to MCL 768.27b, which the trial court granted after considering the parties' written and oral arguments.

was certainly damaging to defendant, that inference weighed in favor of the evidence's admission under the statute, and defendant has not shown that the evidence was otherwise unfairly prejudicial such that it should not have been admitted. See *id*. at ___; slip op at 10-11; see also *People v Dixon-Bey*, 321 Mich App 490, 513; 909 NW2d 458 (2017) (explaining that "MRE 403 does not prohibit prejudicial evidence; rather, it prohibits evidence that is *unfairly* prejudicial," and "evidence is unfairly prejudicial when there exists a danger that marginally probative evidence might be given undue weight by the jury").

According to defendant, the prejudicial effect of this other-acts evidence was unduly exacerbated when both his ex-girlfriend and the investigating officer mentioned during their testimony—in violation of the court's prior ruling—that a sexual assault had occurred during the December 2019 incident. The record reflects that both witnesses did mention this, albeit in passing. Contrary to defendant's suggestion, however, this testimony was not admitted as evidence; defense counsel immediately objected to the testimony, and the trial court struck both references from the record. The trial court also instructed the jury during both witnesses' testimony to disregard the stricken testimony, and again instructed the jury during final instructions that it must not consider as evidence any testimony that the court struck from the record during trial. See *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011) ("Jurors are presumed to follow their instructions, and it is presumed that instructions cure most errors."). Given the passing nature of the references, the court's curative instructions, and the untainted, properly admitted evidence of defendant's guilt (summarized *infra*), it does not affirmatively appear that it is more probable than not that this testimony was outcome determinative. See *Lukity*, 460 Mich at 496.

In sum, we see no abuse of discretion in the trial court's handling of this other-acts evidence, nor do we otherwise see any prejudice warranting relief on this issue. See *Propp*, 508 Mich at 383-384; *Lowrey*, 342 Mich App at 108.[5]

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that his trial counsel was ineffective on multiple grounds. Whether counsel was ineffective presents a mixed question of fact and law, with factual findings reviewed for clear error and questions of law reviewed de novo. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). "The trial court's findings are clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016).

"To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Id*. This Court presumes counsel was effective, and defendant carries a heavy burden to overcome that presumption. *People v Muniz*, 343 Mich App

---

[5] Defendant also argues (albeit very briefly) that the trial court should have granted the motion for a mistrial that he made immediately after objecting to his ex-girlfriend's testimony mentioning the sexual-assault component of the December 2019 incident, but for the same substantive reasons discussed above, we do not see merit in this claim.

437, 448; 997 NW2d 325 (2022). This burden includes "overcom[ing] the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). That said, "a court cannot insulate the review of counsel's performance by calling it trial strategy; counsel's strategy must be sound, and the decisions as to it objectively reasonable." *People v Ackley*, 497 Mich 381, 388-389; 870 NW2d 858 (2015) (quotation marks and citation omitted).

## A. COMMENTS DURING CLOSING ARGUMENT

Defendant first argues that defense counsel was ineffective for making several inappropriate comments throughout closing argument that conceded defendant's guilt. According to defendant, defense counsel's remarks were so inappropriate that they "could have been given by the prosecutor." Although we agree with defendant that defense counsel may not concede a defendant's guilt during closing argument without their consent, *People v Klungle*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364125; 367795); slip op at 2-3, it is clear from the record that defense counsel did not do so in this case.

Defendant takes particular issue with the phrasing and language that defense counsel used throughout closing argument. For instance, defense counsel stated, "Most of what the prosecution has said, there's no disagreement therein." Defense counsel also referred to the victim's living arrangements with his mother and defendant as a "Little Shop of Horrors" and acknowledged that defendant had lied to the police. Defense counsel, however, never conceded defendant's guilt to any of the charged offenses. See *id*. And everything that defense counsel referenced during closing argument, such as defendant's admission that he had lied to the police, the victim's prior injuries that had occurred while in defendant's care, and defendant's prior instances of domestic violence, was all evidence admitted at trial that counsel either could not ignore or could not dispute.

When reviewing defense counsel's closing argument as a whole, it is clear that counsel's strategy was to meet the substantial evidence regarding defendant's character issues and other misdeeds head-on, and argue that such evidence could not be used as a substitute for proof that defendant actually committed, beyond a reasonable doubt, the specific conduct for which he was charged in this case. See *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008) (noting that "a decision concerning what evidence to highlight during closing argument" is presumed to be a matter of trial strategy). Defense counsel acknowledged that, if the other-acts evidence were to be believed, defendant may not be the most upstanding individual, but stressed that that fact alone not did not mean defendant was guilty of the charged offenses. For support, defense counsel repeatedly emphasized that defendant had a good relationship with the victim and that both defendant's ex-girlfriend and the victim's mother testified that defendant was a good father to their children, despite any acts of domestic violence against his ex-girlfriend. Counsel also repeatedly emphasized that it was not clear from the evidence that defendant had ever harmed the victim in the past and that there were other reasonable explanations for the causes of the victim's prior injuries. Counsel's closing argument closely tracked his examination of witnesses, which focused on alternative causes of the victim's injuries, defendant's relationship with the victim, and defendant's role as a caregiver and father. On this record, defendant has not carried his heavy burden of overcoming the strong presumption that defense counsel's performance in this regard was reasonable trial strategy. See *Trakhtenberg*, 493 Mich at 52; *Muniz*, 343 Mich App at 448.

## B. FAILURE TO OBJECT

Defendant also argues defense counsel was ineffective for failing to object to testimony of the victim's mother and the investigating detective that improperly opined on defendant's guilt. "A witness may not opine about the defendant's guilt or innocence in a criminal case" because doing so "invades the province of the jury to determine issues in a case." *Lowrey*, 342 Mich App at 109 (quotation marks, citations, and alterations omitted). "Nevertheless, a police officer may testify about his or her perceptions during the course of an investigation of whether a defendant was being truthful." *Id*. And a lay witness, such as the victim's mother, may provide opinion testimony so long as it is (1) "rationally based on [her] perception," and (2) "helpful to a clear understanding of [her] testimony or the determination of a fact in issue." MRE 701. Such opinion testimony "is not objectionable" simply because "it embraces an ultimate issue to be decided by the trier of fact." MRE 704.

In this case, the victim's mother testified about the prior injuries that the victim had suffered while in defendant's care, including her opinion about when and how they likely occurred. At the end of her direct examination, she stated that she did not initially believe that defendant was responsible for the prior injuries, but now that she had had a chance to consider all of "the evidence," she believed that defendant was responsible for them. Similarly, the investigating detective, during redirect examination, explained that the victim's mother had not initially believed that defendant was responsible for the victim's prior injuries, but after considering the timeframe of those prior injuries, she came to believe that he was responsible.

Contrary to defendant's suggestion, this testimony did not purport to offer an opinion on defendant's guilt of the charged offenses; instead, it pertained to his potential responsibility for the prior injuries the victim suffered. Furthermore, it is apparent that the mother's opinion about the prior injuries and defendant's role in them was rationally based on her own perceptions—her personal observations of the injuries, and her conversations with the victim, defendant, and police—and was also helpful to determining a fact issue at trial, given that the victim sustained fatal injuries while in defendant's sole care. See MRE 701. That her opinion may have "embrace[d] an ultimate issue to be decided by the trier of fact" did not, in itself, render it "objectionable." MRE 704. Defendant has not shown that this testimony amounted to an impermissible opinion on his guilt of the charged offenses, or that counsel performed deficiently by failing to object to it. See *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012) ("Defense counsel is not required to make meritless objections.").[6]

## C. PREJUDICE

Finally, even if we were to conclude that defense counsel performed deficiently in any or all of the ways claimed by defendant, defendant has failed to establish prejudice warranting relief. See *Shaw*, 315 Mich App at 672. It is undisputed that the victim was under defendant's sole care and supervision at the time that he sustained his fatal injuries, and testimony from investigating

---

[6] Defendant also suggests in passing that the admission of this testimony amounted to plain error affecting substantial rights, but for the reasons discussed in this opinion, we disagree.

officers and defendant established that defendant had admitted to lying to the police about how the victim's fatal injuries occurred. The prosecution also presented ample evidence establishing that defendant had a history of domestic violence, that all of the victim's prior injuries occurred only after defendant became his primary caregiver, that defendant had previously become upset and punished the victim for bathroom-related accidents, and that the victim had a bathroom-related accident shortly before he suffered his fatal injuries.

Additionally, defense counsel thoroughly cross-examined each of the prosecution's witnesses and called several witnesses on behalf of the defense—including defendant, who countered the testimony and evidence put forth by the prosecution, and an expert in forensic pathology, who testified about the victim's injuries and manner of death and opined that they could have been an accident. Defense counsel also put forth alternative theories for the cause of the victim's prior injuries and emphasized favorable testimony from the victim's mother and defendant's ex-girlfriend, both of whom testified that defendant was a good father to their children. Given this record, defendant has not shown that, even if defense counsel had performed deficiently for any of the reasons claimed on appeal, there was a reasonable probability that the result of the proceedings would have been different but for those failures. See *id*.

Affirmed.

/s/ Philip P. Mariani
/s/ Christopher M. Murray
/s/ Christopher M. Trebilcock

-8-